United States District Court
Middle District Tennessee

)    Craig Cunningham
)    Plaintiff, Pro-se
)
)          v.                                          **CIVIL ACTION NO.**
)
) Sunshine Consulting Group, LLC, Sunshine Consultation Services, LLC dba
Specialized Consumer Strategies, Donna Cologna, Cologna Building and Ground
Services, LLC
)          John/Jane Doe 1-10
)          Defendants.

**Plaintiff's Original Complaint**

1.  The Plaintiff in this case is Craig Cunningham, a natural person and was

    resident of Davidson County at all times relevant to the complaint, and

    currently has a mailing address of 5543 Edmondson Pike, ste 248,

    Nashville, TN 37211

2.  Sunshine Consultation Services, LLC dba Specialized Consumer

    Strategies is a Florida corporation operating from 4300 W. Lake Mary

    Blvd., ste 1010 Box 421, Lake Mary, FL 3246 and can be served via

    registered agent Spiegel & Utrera, PA 1840 SW 22nd Street, 4th Floor,

    Miami, FL 33145.

3.  Clear Sky Financial, LLC is a Florida Corporation operating from One

    South Orange Ave, ste 301, Orlando, FL 32801 or PO Box 585611,

    Orlando, FL 32858. The registered agent for service is Anthony Francisco

    who can be served at One South Orange Ave, ste 301, Orlando, FL 32801

    and also serves as the manager of the LLC.

4. Cologna Building and Ground Services, LLC is a New Jersey Corporation that can be served at 356 Brickyard Road, Freehold, NJ 07728 or 206 Jackson Mills Road, Freehold, NJ 07728 via corporate officer Donna Cologna.

5. Donna Cologna is the owner/corporate officer of Cologna Building and Ground Services, LLC and can be served at 356 Brickyard Road, Freehold, NJ 07728 or 206 Jackson Mills Road, Freehold, NJ 07728.

6. Lance Palmer is a natural person who can be served at 585 South Ronald Reagan Blvd. ste 133 Longwood, FL 32750 and is an officer of Sunshine Consultation Services, LLC.

7. Lisa Palmer is a natural person who can be served at 585 South Ronald Reagan Blvd., ste 133 Longwood, FL 32750 and is a corporate officer of Sunshine Consultation Services, LLC.

8. Sunshine Consulting Group, LLC is a Michigan Corporation that can be served via registered agent Thomas Kearns at 51488 Willow Springs, Macomb, Michigan, 48042.

9. John/Jane Does 1-10 are currently unknown persons or entities that are also liable for the calls in question.


**Jurisdiction**

10. Jurisdiction of this court arises as the acts happened in this county

11. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

12. The Defendants regularly had calls placed for their benefit or on their behalf to residents across the country including the Plaintiff.

## FACTUAL ALLEGATIONS

13. In 2016, the Plaintiff recieved multiple calls from a debt relief organization claiming they could lower the Plaintiff's credit card bills. The calls were to the Plaintiff's cell phone using an automated telephone dialing system, as there was a noticable delay between the call connecting and the pre-recorded message beginning and the calls contained a pre-recorded message. The Plaintiff never consented to being called by an automated telephone dialing system to his cell phone. The calls were not related to any emergency purpose.

14. As an example, on 9/28/2016, the Plaintiff recieved a call from 916-758-8621 to his cell phone 615-348-1977. The Plaintiff immediately recognized the call as one of the "card services" type of calls where a pre-recorded message claims to be able to lower the Plaintiff's credit card rates. Instead of "Rachel w/ Card services" the name was changed to "Heather at account services".

15. The pre-recorded message stated "*Hello, this is Heather at account services. We are calling in reference to your current credit card account. There's no problems with your account. It is urgent you contact us concerning your eligibility to lowering your interest rate to as little as 6.9%. Your eligibility expires shortly, so please consider this your final notice.*

*Please press 1 now on your phone to speak with a live operator and lower your interest rate."*

16. The Plaintiff press 1 at this point and another recording came on that said: *" If you owe over $3000 on all your credit cards combined, please press 7 now. Please press 7 now if you owe less."*

17. The Plaintiff was then transferred to a live person who was clearly not in the United States that asked some basics of the Plaintiff's credit cards and debt owed. The Plaintiff was later transferred to anothe agent who was actually in the United States that explained that his company was attempting to bill the Plaintiff $1,192 to lower the Plaintiff's Credit card interest rates. In reality, the defendants were just attempting to enroll the Plaintiff in the existing hardship program offered by every bank and credit card company.

18. When the Plaintiff rejected the proposed "debt relief" the defendants waged a campaign of harassing calls directed at the Plaintiff.

19. The Defendants would call the Plaintiff back multiple times in a harassing fashion when the Plaintiff refused to go forward with the deal, for example, calling back over 10 times in a short period of time. For example, on 9/28/2016, the defendants called the Plaintiff no less than 10 times from 10:43 through 10:52 AM. On 8/29, again they called the Plaintiff 7 times from 12:58 PM through 1PM and an additional 3 times after that.

20. The caller ID numbers are spoofed so that the network connecting the calls is masked and they can hide the true entity of the callers placing the

calls. Other calls contained no outgoing caller ID, so the calls were listed as "unknown" When the Plaintiff attempted to call the listed number back, it didn't go to a working number.

21. The Plaintiff received no less than 40 calls from these entities to be conservative. The Plaintiff is in the process of identifing additional calls and obtaining his call records from his service provider.

22. Apparently not satisfied with just harassing the Plaintiff via phone, the Defendants also attempted to charge the Plaintiff's credit card despite lacking authorization from the Plaintiff to do so.

23. The charge was rejected by Chase, but the attempt was documented and the Plaintiff was told that it was attempted through the entity, Cologna Building and Ground Services, LLC.

24. The Plaintiff researched and found a phone number for Cologna Building and Ground Services, LLC and spoke with the owner Donna Cologna.

25. Donna admitted to knowing of the fraudulent and unauthorized charges being placed through a financial firm that she regularly works with, and it was represented that this was Clear Sky Financial, LLC.

26. Additionally, Sunshine Consulting Group, LLC and Sunshine Consultation Services, LLC dba Specialized Consumer Strategies also appear to be connected to the phone numbers and calls that were being placed to the Plaintiff.

27. Donna Cologna has allowed her business merchant account to be used for the purpose of laundering money and large transactions on behalf of

Clear Sky Financial, LLC and Sunshine Consulting Group and Sunshine Consultation Services, LLC for a kickback fee of the exorbitant fees charged for "debt relief".

28. Donna stated that she knew the individuals involved that were attempting to place charges through her merchant account and using her business name and that she worked with them in some business capacity.

29. The Defendants also used an automated telephone dialing system to call the Plaintiff's cell phone in violation of the TCPA, 47 USC 227(b) and 47 USC 227(c)(5) as codified under 47 CFR 64.1200(b)

30. The calls violated 47 USC 227(b) as the calls were automated and placed to the Plaintiff's cell phone without the Plaintiff's consent and without an emergency purpose.

31. The calls violated 47 USC 227(c)(5) by violating 47 CFR 64.1200(b) as the artificial or pre-recorded message failed to state at the beginning of the message the identity of the business, individual, or entity that is responsible for initiating the call. In fact, no name was given for the entity placing the call other than "Card services".

32. These phone calls violated the TCPA in two ways, first by placing multiple automated telephone calls to the Plaintiff's cell phone in violation of 47 USC 227(b), and second by not conforming to the requirements of 47 USC 227(c)(5) and the FCC's rulemaking authority under 47 CFR 64.1200(d), which requires the defendants to have a written policy for maintaining a do-not-call list, failure to train agents and personnel engaged in

telemarketing on the use of the do-not-call list, and the failure to identify the party placing the call or the entity for which the call is being placed. Each of the Defendants are jointly liable to the Plaintiff in the amount of $3,000 per call made, $1500 for violating 47 USC 227(b) and $1500 for violating 47 USC 227(c)(5).

## FDCPA Violations

33. The calls violated the FDCPA by attempting to collect a debt due to another, which first qualifies all of the Defendants as "Debt collectors" under the FDCPA, as the defendants are using interstate commerce to collect a debt indirectly or directly due another, per 15 USC 1692(a)(6).

34. As debt collectors, the defendants are prohibited from harassment or abusive conduct per 15 USC 1692(d)(5), which includes causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuiously with intent to annoy, abuse, or harass any person at the called number, making false or misleading representations per 15 USC 1692(e), and requires the defendants to notify the Plaintiff of his rights under 15 USC 1692(g) within 5 days of initial communication, which was never done.

35. The Defendants actions violated the foregoing sections and entitle the Plaintiff to recover $1,000 in statutory damages, plus costs and attorney's fees, plus actual damages.

## Actual Damages

36. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to:

• Reduced Device storage space;

• Data usage;

• Plan usage;

• Annoyance

• Invasion of Privacy and loss of concentration

## Corporate Officer liability

37. The individual corporate officers are liable for the calls placed on behalf of his corporation. They are personally liable for the TCPA damages as they had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made.

38. The Corporate officers also failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA which makes him personally liable for the telephone calls made on their behalf and for their benefit.

39. The Plaintiff alleges direct liability for the listed corporations and the officers of the corporations. Additionally, the officers of the corporations have a direct role in the illegal conduct, authorizing it and ratifying the illegal telephone calls.

40. The officers of each and every listed corporation had direct, personal conduct in authorizing the telephone calls or oversaw and directed the telemarketing efforts for which their corporations benefitted. The officers set company policy and directed the marketing efforts of the respective companies.

## CAUSES OF ACTION:

## COUNT I

## Violations of the Telephone Consumer Protection Act (TCPA)

41. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

42. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by using an autoated telephone dialing system to place calls to the Plaintiff's cell phone in violation of 47 USC 227(b). This entitles the Plaintiff to recover $1500 per call.

## CAUSES OF ACTION:

## COUNT II

## Violations of the Telephone Consumer Protection Act (TCPA)

43. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

44. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by 47 USC 227(c)(5) by way of 47 CFR 64.1200(d) and failed to comply with the requirements to maintain and train employees on the use of a do-not-call list.

## COUNT III

## Violations of the Fair Debt Collection Practices Act (FDCPA)

45. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

46. The foregoing actions by the Defendants constitute multiple breaches of the FDCPA, 15 USC 1692(k)

## PRAYER FOR DAMAGES AND RELIEFS

A.  WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B.  Statutory damages of $3000 for each phone call for each defendant mentioned in the call

C.  Statutory damages of $1,000 per the FDCPA

D.  Actual damages as determined at trial

E.  Pre-judgment interest from the date of the phone calls

F.  Attorney's fees for bringing this action; and

G.  Costs of bringing this action; and

H.  For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge,

information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted November 14, 2016

Craig Cunningham Plaintiff, Pro-se, 615-348-1977

5543 Edmondson Pike, ste 248, Nashville, TN 37211



Craig Cunningham
5543 Edmondson pike
ste 248
Nashville, TN 37211

RECEIVED
IN CLERK'S OFFICE

NOV 1 6 2016

U.S. DISTRICT COURT
MID. DIST. TENN.

US District Court
801 Broadway
Nashville, TN 37203

PRIORITY MAIL
★ TRACKED ★
★ INSURED ★
UNITED STATES POSTAL SERVICE®
For Domestic Use Only
Label 107R, July 2013

PRIORITY MAIL
★ INSURED ★
★ TRACKED ★
UNITED STATES POSTAL SERVICE®
For Domestic Use Only
Label 107R, July 2013

UNITED STATES
POSTAL SERVICE®

Retail

P

US POSTAGE PAID
$6.85

Origin: 75074
Destination: 37203
0 Lb 13.70 Oz

Nov 14, 16
4871H0074-77

1006

PRIORITY MAIL ®2-Day

C032

Expected Delivery Day: 11/16/2016

USPS TRACKING NUMBER

