IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CRAIG CUNNINGHAM )
 )
 v. ) NO. 3:16-2921
 )
SUNSHINE CONSULTING GROUP, )
LLC, et al. )

TO: Honorable Aleta A. Trauger, District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered November 18, 2016 (Docket Entry No. 3), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

For the reasons that follow, the undersigned Magistrate Judge respectfully recommends that the pending motions to dismiss filed by Defendant Sunshine Consultation Services, LLC, d/b/a Specialized Consumer Strategies (Docket Entry No. 46) and Defendants Sunshine Consulting Group, LLC, Kearns Enterprises, LLC, and Itasca Holdings, LLC (Docket Entry No. 41) be GRANTED and that Plaintiff's motion to dismiss (Docket Entry No. 47) be DENIED. The Magistrate Judge further recommends the dismissal of other Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

Craig Cunningham ("Plaintiff") filed this lawsuit on November 17, 2016, bringing claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, based on allegations that he had received multiple automated calls to his cell phone in violation of the TCPA's provisions. He also brings a claim under the Fair Debt Collection Practices Act ("FDCPA"), 5 U.S.C. § 1692. Named as Defendants are Sunshine Consultation Services, LLC, d/b/a Specialized Consumer Strategies ("Specialized"), Clear Sky Financial, LLC ("Clear Sky"), Cologna Building and Ground Services, LLC ("Cologna Building"), Donna Cologna, Lance Palmer, Lisa Palmer, Sunshine

Consulting Group, LLC ("Sunshine Consulting Group"), and ten "John/Jane Does." *See* Complaint (Docket Entry No. 1).

In response to the Complaint, Specialized filed an answer (Docket Entry No. 11), Defendants Cologna Building and Donna Cologna filed an answer (Docket Entry No. 38), and Defendant Sunshine Consulting Group filed a motion to dismiss (Docket Entry No. 32). Plaintiff thereafter filed an Amended Complaint, expanding his factual allegations and naming Kearns Enterprises, LLC ("Kearns") and Itasca Holdings, LLC ("Itasca") as additional Defendants. *See* Docket Entry No. 39. In response to the Amended Complaint,[1] Defendants Sunshine Consulting Group, Kearns, and Itasca (hereinafter referred to collectively as the "SCG Defendants") filed a joint motion to dismiss (filed February 17, 2017; Docket Entry No. 41) and Defendant Specialized filed a motion to dismiss (filed February 24, 2017; Docket Entry No. 46). The respective Defendants, none of whom are Tennessee corporations, argue that their dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure is warranted because the Court lacks personal jurisdiction over them and, alternatively, that their dismissal under Rule 12(b)(6) is also warranted because Plaintiff's allegations are not sufficient to state claims against them upon which relief can be granted under the TCPA and the FDCPA.

In response to the pending motions to dismiss, Plaintiff filed his own motion to dismiss, seeking to dismiss Defendants Specialized and Sunshine Consulting Group from this action without prejudice. *See* Docket Entry No. 47. He contends that prior to Defendant Specialized filing its pending motion to dismiss, he had a conversation with counsel for Specialized in which counsel stated that Plaintiff should dismiss Specialized and refile his action in Florida. *Id*. He further states that he wishes to dismiss without prejudice his claims against Defendant Sunshine Consulting Group and pursue them instead in California. *Id*.

Although neither Specialized nor Sunshine Consulting Group has responded to Plaintiff's motion, Defendants Cologna Building and Donna Cologna have filed a response to the motion in

---

[1] Although Plaintiff's amended pleading is styled as a "Second Amended Complaint," it is actually Plaintiff's first amendment of the Complaint.

2

which they assert that, while they have no position as to proper venue, they oppose the dismissal of some Defendants if that results in claims that are based upon the same set of phone calls being litigated in different federal courts. *See* Docket Entry No. 48.

## II. CONCLUSIONS AND RECOMMENDATIONS

With respect to Defendant Sunshine Consulting Group, LLC, who has not filed an answer, Plaintiff's motion to dismiss should be construed as a notice of voluntary dismissal of this Defendant under Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, and this Defendant should be DISMISSED WITHOUT PREJUDICE. *See Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993). The first motion to dismiss filed by Sunshine Consulting Group, LLC, (Docket Entry No. 32) should be DENIED as moot in light of its dismissal from the action.

With respect to Defendant Specialized, Plaintiff's motion was filed after Specialized filed its answer and, thus, Plaintiff's filing cannot operate as a self-effecting dismissal of this Defendant pursuant to Rule 41(a)(1)(A). Plaintiff does not seek the dismissal of Defendants Kearns and Itasca in his motion. However, because Plaintiff has not opposed the pending motions to dismiss filed by Defendants Specialized and Defendants Kearns and Itasca, and because Plaintiff's own motion indicates that he does not oppose the dismissal without prejudice of Defendant Specialized, the motions to dismiss should be granted. *See Genesis Diamonds, LLC v. John Hardy, Inc.*, 2016 WL 3478915, *2 (M.D. Tenn. June 27, 2016) (Trauger, J.). Accordingly, the Court RECOMMENDS that Defendants' motions (Docket Entry Nos. 41 and 46) to be dismissed from this action for lack of personal jurisdiction be GRANTED and that Defendants Sunshine Consultation Services, LLC, d/b/a Specialized Consumer Strategies, Kearns Enterprises, LLC, and Itasca Holdings, LLC, be DISMISSED WITHOUT PREJUDICE. Plaintiff's motion to dismiss (Docket Entry No. 46) should be DENIED as moot with respect to these three Defendants.

The docket in this action shows that Defendants Clear Sky Financial, LLC, Lance Palmer, and Lisa Palmer have not been served with process in this action in the nearly six months since the

3

complaint was filed on November 17, 2016. Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Accordingly, unless Plaintiff objects to this Report and Recommendation and shows good cause for his failure to serve process upon these Defendants, Defendants Clear Sky Financial, LLC, Lance Palmer, and Lisa Palmer should be DISMISSED from the action for lack of service of process.

For all of these reasons, the Magistrate Judge respectfully recommends that:

(i) the pending motions to dismiss filed by Defendant Sunshine Consultation Services, LLC, d/b/a Specialized Consumer Strategies (Docket Entry No. 46) and Defendants Sunshine Consulting Group, LLC, Kearns Enterprises, LLC, and Itasca Holdings, LLC (Docket Entry No. 41) be GRANTED:

(ii) Plaintiff's motion to dismiss (Docket Entry No. 47) be DENIED;

(iii) Plaintiff's claims against Defendants Clear Sky Financial, LLC, Lance Palmer, and Lisa Palmer be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

4