CRAIG CUNNINGHAM       )
       )
    v.           )    NO. 3:16-2921
       )
SUNSHINE CONSULTING GROUP,    )
LLC, et al.       )

**TO: Honorable Aleta A. Trauger, District Judge**

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered November 18, 2016 (Docket Entry No. 3), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending is the motion to dismiss (Docket Entry No. 53) of Defendants Donna Cologna and Cologna Building and Ground Services, LLC. For the reasons set forth below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Craig Cunningham ("Plaintiff") is a resident of Nashville, Tennessee. Plaintiff alleges that he received multiple automated telephone calls to his cell phone in 2016 from "a debt relief organization claiming they could lower the Plaintiff's credit card bills." *See* Amended Complaint (Docket Entry No. 39) at ¶ 16. Plaintiff alleges that some of the calls contained pre-recorded messages that prompted him to stay on the line in order to speak to a live call agent about the proposed "debt relief" program. *Id*. at ¶¶ 17-19. On at least one occasion, Plaintiff stayed on a call long enough to speak to a call agent, at which time he alleges that he rejected the proposed offer of debt relief. *Id.* at ¶ 20. He alleges that he thereafter received multiple calls over a short period of time, which he believes were intended to harass him because of his rejection of the debt relief offer. *Id*. at ¶¶ 20-22.

Plaintiff also alleges that the entities that were contacting him attempted to charge to his credit card the amount of $2,495.00, but that the charge was rejected by his credit card company. *Id*. at ¶¶ 27-28. He contends that he did not authorize this charge and that it showed up on his credit card statement as "Cologna Building and Ground Services, LLC." *Id*. at ¶ 60. Plaintiff alleges that he "researched and found a phone number" for Cologna Building and Ground Services, LLC., and that he spoke with Donna Cologna, who he contends admitted that she allowed her company's business account to be used to process charges for others. *Id*. at ¶¶ 29-30.

Based on these events, Plaintiff filed this *pro se* lawsuit on November 17, 2016, *see* Complaint (Docket Entry No. 1), and subsequently amended his complaint. *See* Docket Entry No. 39. Plaintiff identifies and names as Defendants several entities that he alleges were involved in some manner in the events at issue: Sunshine Consultation Services, LLC, d/b/a Specialized Consumer Strategies ("Sunshine Consultation Services"), Clear Sky Financial, LLC ("Clear Sky Financial"), Cologna Building and Ground Services, LLC ("Cologna Building"), Donna Cologna, Lance Palmer, Lisa Palmer, Sunshine Consulting Group, LLC ("Sunshine Consulting Group"), Kearns Enterprises, LLC ("Kearns"), Itasca Holdings, LLC ("Itasca"), and ten "John/Jane Does." *See* Amended Complaint at ¶¶ 3-12. Seeking actual and statutory damages, Plaintiff pursues three legal claims. In his first two claims, he asserts that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq*., because they used an automated telephone dialing system to place calls to Plaintiff's cell phone in violation of 47 U.S.C. § 227(b), *id*. at ¶¶ 78-79 (Count I), and because their actions violated 47 U.S.C. § 227(c)(5) "by way of" 47 C.F.R. § 64.1200(d) and they failed to comply with the requirements to maintain and use a do-not-call list. *Id*. ¶¶ 80-81 (Count II). Plaintiff's third claim is that Defendants' actions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. (Count III).

As a result of pretrial proceedings, the following Defendants were dismissed from the action: Sunshine Consultation Services, Sunshine Consulting Group, Kearns, Itasca,, Lance Palmer, and Lisa Palmer. *See* Order entered May 24, 2017 (Docket Entry No. 50). Defendants Cologna Building

and Donna Cologna (collectively referred to hereinafter as "the Cologna Defendants") remain as the only active defendants.[1]

On December 6, 2016, Donna Cologna filed a *pro se* response to the original complaint on behalf of herself and Cologna Building. *See* Docket Entry No. 5. By Order entered December 15, 2016 (Docket Entry No. 13), she was advised that she could not make filings on behalf of a corporation and that Cologna Building should retain an attorney. The Cologna Defendants thereafter retained counsel and filed a joint answer to Plaintiff's original complaint. *See* Docket Entry No. 38. They filed the pending motion to dismiss in response to the amended complaint.

## II. MOTION TO DISMISS AND RESPONSE

The Cologna Defendants initially seek dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure, arguing that they are located in New Jersey and do not have the type of sufficient minimum contacts with Tennessee that would support the assertion of personal jurisdiction over them in this lawsuit. In addition, they seek dismissal under Rule 12(b)(6), arguing that Plaintiff's allegations fail to state claims for relief against them under the TCPA. *See* Memorandum in Support (Docket Entry No. 54).

In response to the motion, Plaintiff contends that Donna Cologna waived the defense of lack of personal jurisdiction by filing an answer to the original complaint and, further, that the motion is not supported by an affidavit or any other evidence. *See* Plaintiff's Response in Opposition (Docket Entry No. 57). Plaintiff also contends that his allegations regarding the attempted charge on his credit card that is linked to the Cologna Defendants are sufficient to support the assertion of personal jurisdiction over them. Finally, Plaintiff argues that his allegation that the Cologna Defendants knowingly permitted Cologna Building's business account to be used to process credit card charges

---

[1] To the extent that Clear Sky Financial remains as a defendant in the action, *see* Docket Entry No. 50 at 1, n.1, it should be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure because it has not been served with process and good cause does not appear for the lack of service of process. The "John/Jane Doe" Defendants should likewise be dismissed under Rule 4(m) because Plaintiff has taken no steps to identify them and serve them with process.

for an entity involved in the telemarketing scheme is sufficient to state a claim that the Cologna Defendants are liable under the TCPA.

## III. ANALYSIS AND CONCLUSIONS

A. Personal Jurisdiction over the Cologna Defendants

Rule 12(b)(2) provides for the dismissal of a complaint for lack of personal jurisdiction over a defendant. Plaintiff bears the burden of establishing through specific facts that personal jurisdiction exists. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). Where, as here, a court does not hold an evidentiary hearing on the issue, "the plaintiff need only make a 'prima facie' case that the court has personal jurisdiction" and the Court does "not weigh the facts disputed by the parties but instead consider[s] the pleadings in the light most favorable to the plaintiff." *Id.* Even given this lenient standard, the Court finds that Plaintiff fails to satisfy his burden of showing the existence of personal jurisdiction over the Cologna Defendants.

Initially, the Court rejects Plaintiff's argument that Defendant Donna Cologna waived the defense of lack of personal jurisdiction and that her motion is untimely because she filed an answer to the original complaint. *See* Plaintiff's Response at 3, ¶ 13. A challenge to personal jurisdiction is subject to being waived if the defense is not included in either the first responsive pleading or a pre-answer motion. *See* Rule 12(h)(1) of the Federal Rules of Civil Procedure. This rule applies to *pro se* litigants. *See Taubman Co. v. Webfeats*, 319 F.3d 770, 773 (6th Cir. 2003) (defendant waived personal jurisdiction defense by not raising the issue in his original *pro se* answer). Although Donna Cologna's initial *pro se* response to the complaint failed to raise the defense, *see* Docket Entry No. 5, the Court specifically permitted her an extended time within which to file an amended answer after retaining counsel. *See* Order entered December 15, 2016 (Docket Entry No. 13). She subsequently amended her original pleading through a joint answer filed with Defendant Cologna Building. The joint answer raised the lack of personal jurisdiction defense, *see* Docket Entry No. 38 at 8, and sufficiently preserved the defense.

The Court also rejects Plaintiff's argument that the motion to dismiss should be denied solely for the reason that the motion is not supported by an affidavit. *See* Docket Entry No. 57 at 2, ¶¶ 10-11. The absence of a supporting affidavit from a party moving for dismissal based under Rule 12(b)(2) is unusual, but it is not determinative. It simply means that the numerous factual assertions contained in the Cologna Defendants' supporting memorandum, *see* Docket Entry No. 54 at 1, cannot be relied upon as an evidentiary basis for the defense. Although Plaintiff retains the burden of demonstrating that personal jurisdiction exists, he is relieved from the burden of providing his own affirmative supporting evidence because of the absence of a supporting affidavit from the Cologna Defendants. *See Flake v. Schrader-Bridgeport Int'l, Inc.*, 538 Fed.App'x 604, 617 (6th Cir. 2013) ("But where a defendant files a motion to dismiss supported by affidavits . . . plaintiffs may not rest upon allegations or pleadings alone; rather, they must set forth specific facts, by affidavit or otherwise, showing that the court has jurisdiction over the defendant."). In such a situation, Plaintiff's burden of making a *prima facie* showing of personal jurisdiction will rest on the sufficiency of his pleadings. *Orange Peach Line, Inc. v. Country Explosion, LLC*, 2015 WL 222311 at *8 (M.D.Tenn. Jan. 14, 2015) (Trauger, J.) (personal jurisdiction was reviewed based on facts alleged in the complaint when the moving party did not support his motion to dismiss with competent evidentiary submissions).

When a federal court has federal question jurisdiction, such as in this case, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process. *Community Trust Bancorp, Inc. v. Community Trust Financial Corp.*, 692 F.3d 469, 471 (6th Cir. 2012). Tennessee's long-arm statute has been interpreted to extend to the limits on personal jurisdiction imposed by the Due Process Clause. *Payne v. Motorists' Mut. Ins. Cos.*, 4 F.3d 452, 455 (6th Cir. 1993). Therefore, the two issues merge, and the Court need only determine whether the assertion of personal jurisdiction violates constitutional due process.

*Bridgeport Music, Inc. v. Still N The Water Publishing*, 327 F.3d 472, 477 (6th Cir. 2003); *Aristech Chem. Int'l v. Acrylic Fabricators*, 138 F.3d 624, 627 (6th Cir. 1998).

The relevant inquiry is whether the facts of the case demonstrate that the non-resident defendant has such minimum contacts with the forum state that the exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991). To determine whether the exercise of jurisdiction satisfies due process, the Sixth Circuit applies a three-part specific jurisdiction test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Payne*, 4 F.3d at 455 (quoting *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).[2] As the constitutional touchstone of personal jurisdiction, the purposeful availment requirement ensures that the defendant's actions create a substantial connection to the forum state, such that the defendant should reasonably anticipate being haled into court there. *Community Trust*, 692 F.3d at 471-72. Such a requirement protects a defendant from being haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral conduct of another party or a third person. *Id*. at 471.

The Court finds that the allegations set out in Plaintiff's amended complaint are insufficient to support a *prima facie* showing of personal jurisdiction over the Cologna Defendants. There are no allegations that the Cologna Defendants reached out to Tennessee, sought or conducted business in Tennessee, or took any steps to purposefully avail themselves of acting or causing a consequence in Tennessee. Indeed, there are no allegations that the Cologna Defendants had any connection to

---

[2] Plaintiff does not argue that general jurisdiction exists over the Cologna Defendants based on their "continuous and systematic" contacts with Tennessee. *See Conn v. Zakharov*, 667 F.3d 705, 713 (6th Cir. 2012).

Tennessee whatsoever other than the fact that a single charge on Plaintiff's credit card account was attempted by another party through Defendant Cologna Building's merchant account. Given the facts of this case, the single act attributed to the Cologna Defendants is simply too tenuous a connection to Tennessee to support exercising personal jurisdiction over them. In the end, there is an absence of any specific factual allegations showing that the Cologna Defendants took any overt actions connecting themselves to Tennessee such that they should reasonably anticipate being sued in Tennessee.

Although this case is premised upon allegedly illegal telephone calls under the TCPA and Plaintiff contends that a single phone call into the forum state can be found to be sufficient to support a finding of personal jurisdiction, there are no factual allegations showing that the Cologna Defendant actually made a call into Tennessee or to Plaintiff or that they directed that such a call be made. While Plaintiff contends that he spoke to Defendant Donna Cologna on the telephone on one occasion, his actual allegation is that he personally researched and found a phone number for Defendant Cologna Building, *see* Amended Complaint at 6-7 ¶ 29, and the reasonable inference that follows is that he initiated the phone call at issue. Plaintiff's contention that he was called by "agents" of the Cologna Defendants is vague, conclusory, and self-serving.

Because purposeful availment is a necessary first step to establishing specific personal jurisdiction and because Plaintiff fails to satisfy this step, the Court need not go any further in its analysis of the personal jurisdiction defense. *See LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1303 (6th Cir. 1989).

B. Failure to State a Claim

Dismissal of the claims against the Cologna Defendants is warranted even if the Court finds that personal jurisdiction exists over them. None of Plaintiff's three legal counts are supported by sufficient factual allegations to support the asserted legal claims made by him.

Rule 12(b)(6) provides for the dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. While the Court must liberally construe documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), a complaint filed by a *pro se* plaintiff must still plead sufficiently specific factual allegations, not just legal conclusions, in support of each claim. *See Iqbal*, 556 U.S. at 678-679.

Count I asserts a claim against the Cologna Defendants for liability under the TCPA, which regulates the use of telephone technology and seeks to curb abusive telemarketing practices that threaten the privacy of consumers and businesses. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012); *Ashland Hosp. Corp. v. Service Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 740 (6th Cir.) *cert. denied*, __U.S.__, 134 S. Ct. 257, 187 L. Ed. 2d 148 (2013). Among other things, the TCPA places restrictions on the use of automated telephone equipment and provides that:

> it shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). While the text of the TCPA attaches primary liability to the person that "make[s]" the call, the FCC has interpreted the Act to reach "sellers," who can be held liable

for the acts of "a third-party marketer . . . under federal common law principles of agency." *In re Joint Petition Filed by Dish Network, LLC, et al.*, 28 F.C.C. Rcd. 6574 at ¶ 1 (2013). Those principles, the FCC concluded, "include[e] not only formal agency, but also principles of apparent authority and ratification." *Id.* at ¶ 28.

Plaintiff's allegations do not support a claim that the Cologna Defendants bear primary liability under the TCPA because they made the offending calls or directed that the calls be made. Indeed, Plaintiff's own allegations are that the only phone call between himself and the Cologna Defendants was a phone call that he initiated. To the extent that Plaintiff contends that he was called by persons who were acting on behalf of the Cologna Defendants, his allegations are conclusory. The Court likewise finds that Plaintiff's attempt to create a theory of liability under the TCPA against the Cologna Defendants based on the odd facts of this case is simply unfounded and unsupported by any persuasive or controlling legal authority. While theories of vicarious liability may apply in some factual scenarios to entities sued under the TCPA, the alleged actions of the Cologna Defendants in this case do not support a plausible legal claim that their actions violated the TCPA. Plaintiff has attempted to stretch the limits of the TCPA too far in this case as it pertains to the Cologna Defendants. The connection between the Cologna Defendants and possible violations of the TCPA committed by other actors is tenuous at best.

In Count II, Plaintiff seeks civil damages under 47 U.S.C. § 227(c)(5), which provides that "a person who has received more than one telephone call within a 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring an action for damages. Plaintiff alleges the phone calls at issue violated the regulations set out at 47 C.F.R. § 64.1200(d). However, the language of the TCPA specifically provides that the regulations implemented pursuant to Subsection 227(c) concern only "the need to protect residential telephone subscribers' privacy rights." 47 U.S.C. § 227(c)(1). Further, the plain language of the regulation relied upon by Plaintiff states:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for

maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d). The private right of action created by 47 U.S.C. § 227(c)(5) provides for redress of violations of the regulations that concern residential telephone subscribers. *See Charvat v. NMP, LLC*, 656 F.3d 440, 443-44 and 449 (6th Cir. 2011). Plaintiff alleges only calls to his cellular phone. Accordingly, he fails to state a claim for relief under 47 U.S.C. § 227(c)(5), and Count II should be dismissed. *See Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F.Supp.3d 1187, 1201 (M.D. Tenn. 2017) (Crenshaw, J.).

Finally, Plaintiff's third count is that the Cologna Defendants violated the FDCPA in various ways. *See* Amended Complaint at ¶¶ 64-67. However, only to those who meet the statutory definition of a "debt collector" can be liable under the FDCPA. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). The term "debt collector" refers to a person "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). There are no factual allegations in Plaintiff's pleadings that even plausibly support a claim that the Cologna Defendants fall within the scope of the statutory definition of a debt collector under the FDCPA. The lack of such allegations renders Plaintiff's FDCPA claim against them subject to dismissal under Rule 12(b)(6). *Montgomery*, 346 F.3d at 701.

## R E C O M M E N D A T I O N

For the reasons set out above, the undersigned respectfully RECOMMENDS:

(1) the motion to dismiss (Docket Entry No. 53) of Defendants Donna Cologna and Cologna Building and Ground Services, LLC, be GRANTED;

(2) Defendants Clear Sky Financial, LLC, and "John/Jane Does 1-10" be DISMISSED pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and

(3) this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge